UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

@WIRELESS ENTERPRISES, INC.,

                              Plaintiff                DECISION AND ORDER

-vs-

                                                05-CV-6176 CJS(P)

AI CONSULTING, LLC and ANDREW IORIO,

                             Defendants
_____

APPEARANCES

For Plaintiff:                      Paul R. Braunsdorf, Esq.
                                   Harris Beach LLP
                                   99 Garnsey Road
                                   Pittsford, New York 14534

For Defendants:                   Eddi Z. Zyko, Esq.
                                   120 Fenn Road
                                   Middlebury, Connecticut 06762-2515

INTRODUCTION

This is a diversity action for breach of contract arising from a franchise agreement between @Wireless Enterprises, Inc. ("@Wireless") and AI Consulting LLC ("AI")[1], involving the operation of a retail cellular telephone services shop. The matter is currently before the Court on Plaintiff's motion for summary judgment (Docket No. [#108]). The application is granted.

BACKGROUND

The reader is presumed to be familiar with the facts of this action from the Court's prior decisions. *See, e.g.*, Docket Nos. [#33, 92,107]. Very simply, Plaintiff @Wireless

_____

[1] The Court uses the term "AI" herein to refer to both AI and Andrew Iorio.

1

Enterprises, Inc. ("@Wireless")  commenced the subject action to collect monies allegedly owed pursuant to the franchise agreement and underlying promissory note.  Defendants asserted various counterclaims, which, they maintained, excused them from performing under the contract.  Specifically, Defendants asserted the following counterclaims: 1) Constructive Fraud; 2) Actual Fraud; 3) Constructive Trust; 4) Breach of Contract; 5) Breach of Covenant of Good Faith and Fair Dealing; 6) "Interference with Contractual and Beneficial Relationships"; 7) "Violations of Consumer Protection From Deceptive Acts and Practices"; and 8) Negligent Misrepresentation. Answer with Counterclaims [#15].  On May 16, 2011, the Court granted partial summary judgment for Plaintiff, and dismissed all of Defendants' counterclaims on the merits. *See*, Decision and Order [#92].  As a result, the only claim remaining in this action is Plaintiff's claim for monies allegedly owed under the franchise agreement and promissory note.

On August 19, 2011, Plaintiff filed the subject motion for summary judgment.  In support of the application, Plaintiff cites evidence in the record establishing the following facts:  1) On March 1, 2002, AI Consulting LLC, and Andrew J. Iorio signed a promissory note obligating them to pay $126,000.00 to Plaintiff; 2) Defendants stopped making payments on the note in or about December 2004; 3) there is a balance owing on the note of $37,754.76, plus interest; and 4) the promissory note entitles Plaintiff to reasonable attorney's fees incurred in collecting payment. See, Plaintiff's Statement of Facts [#108-1].

On September 15, 2011, the Court issued a Motion Scheduling Order [#111], directing, in pertinent part, that Defendants file and serve any opposing papers by October 21, 2011.  Moreover, Local Rule of Civil Procedure 7(a)(2)(A) states that on a summary judgment motion, "the moving party shall file and serve a memorandum of law and the

opposing party shall file and serve an answering memorandum.  Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party."  Local Rule 56 requires the moving party to file a statement of facts, and further states:

> **Opposing Statement.** The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. *Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.*

Local Rule 56(a)(2) (emphasis added).  Nevertheless, Defendants submitted nothing in opposition to Plaintiff's motion.

On December 1, 2011, the Court observed that it had not received any opposing papers from Defendants.  Consequently, the Court's law clerk contacted Defendants' attorney by telephone and informed him that the Court intended to cancel oral argument and issue a written decision.  However, Defendants' counsel indicated that he wished to appear for oral argument and present his opposition to the motion orally.  The following day, December 2, 2011, the Court received a letter from Defendants' counsel, indicating that, as and for his written opposition to the summary judgment motion, he intended to rely upon the same written submissions that he submitted in connection with the prior summary judgment motion.  *See*, Zyko letter dated December 2, 2011 ("Since they would be essentially the same, it was my intention to rely on defendants' . . . voluminous documents that are already on file in response to the plaintiff's . . .initial motion for summary judgment and argue therefrom, as I understand is permitted by the FRCP.") (no

citation given).  Specifically, Defendants' counsel indicated that he intended to argue, in opposition to summary judgment, that Defendants were excused from paying the promissory note because Plaintiff had breached the franchise agreement. *See*, Zyko letter dated December 2, 2011 ("Respectfully, said papers [previously submitted in connection with the earlier summary judgment motion] manifest that the plaintiff's . . . actions, as delimited therein, are a breach of contract that excuse defendants' . . . performance.").

On December 15, 2011, counsel for the parties appeared before the undersigned for oral argument.   At that time, Defendants' attorney reiterated the argument that Defendants are excused from paying off the promissory note because Plaintiff breached the franchise agreement.

## ANALYSIS

Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988

4

F.2d 303, 308 (2d Cir.1993).

Here, Plaintiff has made a properly-supported summary judgment motion, indicating that it is entitled to payment under the promissory note.  Defendants have not filed opposing papers, but instead seek to rely on papers that they previously filed, in which they argued in support of their various counterclaims.  Those papers, however, did not dispute that Defendants executed the promissory note, nor did they dispute the amount owed under the note.  Instead, such papers argued that Plaintiff breached the parties' agreement and committed various torts.  The Court, though, rejected Defendants' arguments and dismissed the counterclaims.

As discussed above, Defendants specifically contend, in opposition to summary judgment, that Plaintiff committed a breach of contract, which excuses payment. *See*, Zyko letter dated December 2, 2011 ("Plaintiff's . . . actions . . . are a breach of contract that excuse defendants' . . . performance.").  Previously, though, the Court explained that Defendants have failed to raise a triable issue of fact as to whether Plaintiff breached the contract. *See*, Decision and Order [#92] at pp. 22-25; *id*. at p. 25 ("AI contends that @Wireless breached "interlocking contracts" between AI, @Wireless, and Verizon, including breaching the implied covenant of good faith and fair dealing. However, for the reasons discussed above, *Plaintiff has not come forward with evidentiary proof in admissible form sufficient to raise a triable issue of fact as to whether @Wireless breached the Franchise Agreement.*") (emphasis added).  That determination is law of the case, and Defendants have not demonstrated any reason for the Court to revisit that ruling. *See, e.g., Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F.Supp.2d 751, 764-(S.D.N.Y. 2003) (Declining to consider at trial affirmative defenses which the court had

already rejected at summary judgment).

Accordingly, Plaintiff is entitled to summary judgment.

## CONCLUSION

Plaintiff's summary judgment motion [#108] is granted, and judgment shall be entered for Plaintiff and against Defendants in the amount of $37,754.76, plus interest from January 2005[2] onward, and reasonable attorney's fees in such amounts as Plaintiffs shall establish.  Plaintiff is directed to settle an order on notice to Defendants within thirty (30) days.

SO ORDERED.

Dated:          Rochester, New York
                December 19, 2011

                                    ENTER:


                                     /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge

---

[2] *See*, Jerabeck Affidavit [#108-6] at ¶ 4 (Indicating that no payments were received from Defendants "after December 2004.")